IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER SHANE LANGSTON,

    Plaintiff,                      No. 2:10-cv-3191 KJN P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION,
et al.,

    Defendants.                ORDER

        Plaintiff is a state prisoner proceeding without counsel, in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a second declaration in support of his application to proceed in forma pauperis, which makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust

1

account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

        Review of the complaint indicates that plaintiff appears to be challenging the failure of the California Department of Corrections and Rehabilitation and state correctional officers to timely provide plaintiff with his own legal materials which plaintiff deemed essential to represent his interests in state court proceedings. Although the complaint sets forth several dates, and recounts some chronology regarding these allegations, the court remains unclear as to the sequence of events resulting in the alleged withholding of plaintiff's legal materials, the content and intended use of these materials in state court, the purpose and outcome of each state court proceeding, and whether plaintiff ultimately obtained the subject legal materials. Plaintiff will be granted leave to file an amended complaint that clarifies these matters in light of the following legal standards.

        To state a First Amendment claim for denial of access to the courts, a plaintiff must allege an actual injury. Lewis v. Casey, 518 U.S. 343, 362 (1996). The Supreme Court has held that a prisoner alleging denial of meaningful access to the courts must demonstrate that the challenged conduct hindered his efforts to pursue a potentially cognizable legal claim. Id. The prisoner must reasonably allege "that a nonfrivolous legal claim had been frustrated or was being impeded." Id. Thus, before a claim of denial of access to the courts can proceed, a prisoner must demonstrate that he was precluded or thwarted in his efforts to present a legally or factually arguable claim to the courts.

        However, plaintiff is informed that only an authorized, intentional deprivations of property—carried out pursuant to established state procedures, regulations, or statutes—may be actionable as an alleged due process violation. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th

3

1  Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).
2  Because post-deprivation remedies (e.g., pursuant to the California Tort Claims Act) are
3  generally available for unauthorized intentional deprivations of property by state employees, such
4  takings do not invoke constitutional safeguards.  Hudson v. Palmer, 468 U.S. 517, 533 (1984).

5        Plaintiff is also informed that, "[u]nder Section 1983, supervisory officials are not
6  liable for actions of subordinates on any theory of vicarious liability.  A supervisor may be liable
7  [only] if there exists either (1) his or her personal involvement in the constitutional deprivation,
8  or (2) a sufficient causal connection between the supervisor's wrongful conduct and the
9  constitutional violation."  Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989) (citations
10 omitted).  Plaintiff has made no factual allegations that named defendant Warden Hartley was
11 directly involved in the challenged conduct; nor, for that matter, has plaintiff made any concrete
12 factual allegations against the other individually named defendant, Sergeant Cruz.  Based on the
13 present allegations, both defendants would be dismissed; an amended complaint must allege in
14 specific terms how each named defendant was involved in the challenged conduct.

15       Plaintiff has made no cognizable claim against named defendant California
16 Department of Corrections and Rehabilitation, and likely cannot.  State agencies are immune
17 from damages claims under Section 1983, although not from actions seeking injunctive relief.
18 See e.g. Quern v. Jordan, 440 U.S. 332 (1979) (state agency immune from damages suit under
19 Eleventh Amendment); Holley v. California Department of Corrections, 599 F.3d 1108, 1111
20 (9th Cir. 2010), and cases cited therein.

21       If plaintiff elects to pursue this action by filing an amended complaint, he is
22 advised that all defendants must be identified in the caption of his pleading and that all
23 defendants must be named, with position and place of employment, in the section of the form
24 designated for that purpose.  In his original complaint, plaintiff refers to two defendants as "John
25 Doe."  "As a general rule, the use of 'John Doe' to identify a defendant is not favored."  Gillespie
26 v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980).  Plaintiff is advised that the court cannot order

4

service of a complaint on defendants not actually identified by name in his amended complaint.

In conclusion, the court finds the allegations of plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claims plainly and succinctly. Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiffs claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). The complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

1    On additional matter remains.  Plaintiff has requested the appointment of counsel.
2 The United States Supreme Court has ruled that district courts lack authority to require counsel
3 to represent indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S.
4 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary
5 assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017
6 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present
7 case, the court does not find the required exceptional circumstances at this time.  Therefore,
8 plaintiff's motion for appointment of counsel is denied.

   In accordance with the above, IT IS HEREBY ORDERED that:

   1. Plaintiff's requests for leave to proceed in forma pauperis (Dkt. Nos. 2, 8) are granted.

   2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

   3. Plaintiff's motion for appointment of counsel (Dkt. No. 6) is denied.

   4. Plaintiff's complaint is dismissed.

   5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

////

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED:  April 22, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

lang3191.14.new.31

```
 1
 2
 3
 4
 5
 6
 7               IN THE UNITED STATES DISTRICT COURT
 8              FOR THE EASTERN DISTRICT OF CALIFORNIA
 9
10  WALTER SHANE LANGSTON,
11           Plaintiff,                   No. 2:10-cv-3191 KJN P
12       vs.
13  CALIFORNIA DEPARTMENT OF
    CORRECTIONS AND REHABILITATION,
14  et al.,
15  _____Defendants.                NOTICE OF AMENDMENT
16  _____/
17       Plaintiff hereby submits the following document in compliance with the court's
18  order filed _____:
19
20           _____       Amended Complaint
21
22
23  _____      _____
    Date                                Plaintiff
24
25
26
```

8