IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER SHANE LANGSTON,

    Plaintiff,                    No. 2:10-cv-3191 KJN P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION,
et al.,

    Defendants.               ORDER

          Plaintiff requests the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

          In the present case, plaintiff states that he requires appointment of counsel for the purpose of obtaining the identity of the defendants whom plaintiff has currently named only as "Doe" defendants; plaintiff states that otherwise he will be required to seek this information through the discovery process which may trigger retaliation by institutional staff. Plaintiff is

1

informed that defendants will be represented by counsel, likely associated with the Office of the California Attorney General, and that his discovery requests will be directed to such counsel. Defendants, both currently and prospectively named, are informed that it is a violation of the First Amendment to the United States Constitution for a state actor to take an adverse action against a prisoner for his engagement in a constitutionally protected activity. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985).

Because plaintiff is in no different position than most other inmate plaintiffs, the court finds that exceptional circumstances do not warrant appointment of counsel at this time. Plaintiff is reminded that he may proceed on a well-framed amended complaint that sets forth the alleged conduct of the unidentified defendants, without making them named "Doe" defendants, and may later seek leave of court to further amend his complaint when he obtains the identity of those defendants. Accordingly, plaintiff's motion (Dkt. No. 13) for appointment of counsel is denied without prejudice.

DATED: May 9, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

lang3191.31kjn