IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER SHANE LANGSTON,

    Plaintiff,                      No. 2:10-cv-3191 KJN P

    vs.

WARDEN JAMES HARTLEY, et al.,

    Defendants.                ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel or "pro se" and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Plaintiff consented to the jurisdiction of the magistrate judge for all purposes. 28 U.S.C. § 636(c); Local Rule 305(a). (See ECF No. 5.)

        Plaintiff is currently incarcerated at California State Prison-Solano. By order filed May 30, 2012, plaintiff's First Amended Complaint was dismissed with leave to file a further amended complaint. (ECF No. 17.) Plaintiff timely filed a Second Amended Complaint (ECF No. 22), which is now before the court.

        As previously noted in this action (see ECF Nos. 10, 17), this court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint

1   or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that
2   fail to state a claim upon which relief may be granted, or that seek monetary relief from a
3   defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "[A] district court
4   should grant leave to amend . . . unless it determines that the pleading could not possibly be
5   cured by the allegation of other facts."  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); see
6   also Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district
7   court may deny leave to amend when amendment would be futile.").

8              Pursuant to his Second Amended Complaint ("SAC"), plaintiff challenges the
9   alleged retention of his personal property by Avenal State Prison officials Sergeant Cruz and
10  Warden Hartley, when plaintiff was incarcerated at Avenal.  Plaintiff alleges that, on November
11  19, 2009, in anticipation of being transported to the Sacramento County Jail (for further
12  proceedings in the Superior Court following the reversal of plaintiff's conviction by the
13  California Court of Appeal on the ground that plaintiff's plea had been improperly induced), he
14  was directed by Sergeant Cruz to bring all of his property to "receiving and release."  Plaintiff
15  did so.  The next day, on November 20, 2009, prior to being transported to the Sacramento
16  County Jail, plaintiff was informed by Cruz that his property had been "packed and taped and
17  would be stored until plaintiff returned from court."  (ECF No. 22 at 4.)  Plaintiff objected,
18  noting that his conviction had been reversed and therefore he was a pretrial detainee transferring
19  into the custody of the Sacramento County Jail who should be given all of his property.  Despite
20  his protest, plaintiff was transferred to the Sacramento County Jail without his property.
21  Moreover, despite plaintiff's December 2012 request to Warden Hartley for the return of his
22  property, the property was not returned.  Plaintiff claims that he has been denied his property
23  without due process of law, in violation of the Fourteenth Amendment.

24             The SAC fails to state a cognizable federal civil rights claim.  Neither the
25  negligent nor intentional deprivation of property states a due process claim under Section 1983.
26  See Parratt v. Taylor, 451 U.S. 527, 536-44 (1981), overruled in part on other grounds, Daniels v.

1  Williams, 474 U.S. 327, 330-31 (1986).  The availability of an adequate post-deprivation
2  remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due
3  process.  See Zinermon v. Burch, 494 U.S. 113, 128-29 (1990).  California law provides such an
4  adequate post-deprivation remedy.  See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994)
5  (citing Cal. Gov't Code §§ 810-95).
6        For these reasons, the SAC must be dismissed.  The alleged facts of the SAC do
7  not reasonably support any other legal claim.  Therefore, further amendment of the complaint
8  would be futile.  Hartmann, 707 F.3d at 1130; Lopez, 203 F.3d at 1127.
9        Accordingly, IT IS HEREBY ORDERED that:
10       1.  This action is dismissed; and
11       2.  The Clerk of Court is directed to close this case.
12 DATED:  May 23, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

lang3191.SAC